IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| DONALD E. LILLEY ) | Bankruptcy No. 10-01079 |
| ) | |
| Debtor. ) | |

**ORDER RE: CHAPTER 13 TRUSTEE'S OBJECTION
TO TREATMENT OF CO-SIGNED STUDENT LOAN**

This matter came before the Court on Chapter 13 Trustee's Objections to Debtor's proposed Chapter 13 Plan Treatment of a Co-Signed Student Loan. The Court held a hearing on October 7, 2010. Attorney Carol Dunbar appeared as Chapter 13 Trustee. Attorney Steven Klesner appeared for Debtor Donald Lilley. After hearing the arguments of the parties, the Court requested briefs and took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

**STATEMENT OF THE CASE**

Trustee objects to Debtor's attempt to treat payments to a student loan creditor outside a Chapter 13 plan more favorably than other general unsecured creditors under the plan. Debtor asserts that such differing treatment is allowed under 11 U.S.C § 1322(b)(1) because the student loan is a co-debt with a family member. After hearing the arguments and reviewing applicable case law, the Court sustains Trustee's objection.

**FINDINGS OF FACT**

Debtor is a co-signer on two unsecured student loans, one with his daughter and one with his step-son. His daughter's loan is owned by AES/National Collegiate Trust. AES/National Collegiate Trust has filed a claim in Debtor's case in the amount of $14,259.79. His step-son's loan is owned by Sallie Mae Ecfc. Sallie Mae has filed a claim in Debtor's case in the amount of $13,201.82.

1

Debtor's plan proposes to pay his daughter's loan himself, outside the plan, at $110 a month over the 60-month life of the plan. Debtor's plan proposes that his step-son will pay his own loan with no contribution from Debtor. Debtor's plan proposes to treat other unsecured creditors as a single group for distribution under the plan.

The dispute in this case centers on the proposed treatment of the daughter's student loan. If his daughter's loan is treated as proposed by the Debtor, then $6,600 (43%) of that loan debt would be paid by Debtor outside the plan.[1] Under Debtor's proposed plan, general unsecured creditors would be paid pro rata through the plan and would receive approximately 20%. However, if the daughter's loan was paid through the plan only $3,249.81 (23%) of the student loan would be paid. Plan payments would increase $110 a month and unsecured creditors as a class would receive an additional $6,600 for distribution pro rata over the life of the plan.

## CONCLUSIONS OF LAW

The issue is whether Debtor's plan may separately classify and make payments outside of the plan on co-signed unsecured student loan debt at a higher rate than general unsecured creditors will receive under the plan. The relevant provision for this question of treatment and classification of claims is 11 U.S.C. § 1322(b)(1), which states:

> (b) Subject to subsections (a) and (c) of this section, the plan may-
>
> (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

11 U.S.C. § 1322(b)(1). "A Chapter 13 . . . plan of reorganization may place unsecured claims in separate classes 'as long as the classification 1) complies with section 1122 of the Code and 2) does not result in unfair discrimination between the claims grouped separately.'" In re Groves, 39 F.3d 212, 214

---

[1] Financial figures are based on Trustee's calculations that were not objected to by Debtor.

(8th Cir. 1994) (citing In re Leser, 939 F.2d 669, 671 (8th Cir. 1991)). The burden of proving the proposed classification does not unfairly discriminate is on the debtor. Id. at 214.

### I.     Treatment of Student Loan Claims

The separate classification of student loan or other general unsecured debt is not permitted under the Bankruptcy Code unless there is a showing that such discriminatory treatment is reasonable and necessary to complete a debtor's Chapter 13 plan. Id. at 215. Student loans should not be treated more favorably than other creditors' claims merely because of their nondischargeable nature. In re Kruse, 406 B.R. 833, 839 (Bankr. N.D. Iowa 2009). As the Eighth Circuit has held, "the nondischargeability of student loan claims, by itself, does not justify substantial discrimination against other, dischargeable unsecured claims in a Chapter 13 plan." Groves, 39 F.3d at 216. The Eighth Circuit has established a four-part test, set out in Leser, to determine whether separate classification of claims unfairly discriminates. Kruse, 406 B.R. at 839. The four-part test requires the court to determine:

> (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination.

Kruse, 406 B.R. at 839 (quoting Leser, 939 F.2d at 672).

### II.    Eligibility of Co-Debts for Preferential Treatment under § 1322(b)(1)

Debtor argues that separate classification is allowed here because this student loan is a consumer debt on which Debtor is liable with another individual. 11 U.S.C. § 1322(b)(1) (allowing different treatment than other unsecured claims when "an individual is liable on such consumer debt with the debtor."). Courts have held, however, that only certain kinds of co-signed debt are eligible to be classified differently under § 1322(b)(1). In re Janssen, 220 B.R. 639, 642 (Bankr. N.D. Iowa 1998)(citing cases).  Co-signed consumer debt ("co-debt") under § 1322(b)(1) is only eligible for separate classification and treatment when the co-debt was acquired for the benefit of the debtor. Id. at

3

642. Congress recognized that many co-debts are co-signed by family, friends, or employers and that debtors who were assisted by these individuals would feel a strong moral obligation to pay the co-debt in full, whether or not this meant diverting funds away from the plan and jeopardizing their reorganization. Id. at 641–42 (citing Senate Reports). Thus, Congress believed that if the debtor was going to pay the co-debt claim anyway, it was best to allow it to be incorporated in the plan, and included in the analysis of plan feasibility. Id. This Court reasoned in Janssen, however, that if the co-debt was not acquired for the benefit of the debtor and it was in fact the debtor who had helped out a non-debtor co-signer, then this temptation to make unauthorized payments outside of a plan was less likely to exist. Id. at 642. Thus, the need to include co-debt in the plan to determine feasibility was not needed in those situations. Id.

Student loans co-signed by debtors for their children generally only benefit the children. In re Beauchamp, 283 B.R. 287, 287 (Bankr. D. Minn. 2002). However, even if there was some theoretical benefit to the Debtor in co-signing the loan, and that it could fall under to co-signor provision of § 1322(b)(1), the Debtor here still must satisfy the Leser test show there was no "unfair" discrimination. "[T]he unfair discrimination standard applies to Chapter 13 plans that separately classify co-signed consumer debts." Janssen, 220 B.R. at 643; see also In re Ireland, No. 96-40218XM, slip op. at 2 (section 1332(b)(1) allows for different treatment between unsecured debt and co-signed unsecured debt, however such treatment must not discriminate unfairly against any class of unsecured creditors). Failure to satisfy any one of the four Leser factors can result in a finding of unfair discrimination. See In re Sieglaff, 1991 WL 11731147 slip op. at 2 (Bankr. S.D. Iowa 1991) (denying confirmation of a plan after debtors failed to show a reasonable basis for proposed discrimination).

## ANALYSIS

A Debtor's plan cannot discriminate unfairly between general unsecured debts and a student loan debt. Debtor argues that the "co-signer" or "co-debtor" nature of the student loan claim removes it from

4

the well-settled standards for evaluating differing treatment of general unsecured and student loan claims. Debtor is incorrect for two reasons. First, Janssen makes clear that only co-signed or co-debtor claims that were incurred primarily for the benefit of the debtor fall within the exception outlined in § 1322(b)(1). Janssen, 220 B.R. at 642. Here, there is no dispute that the co-signed obligation and resulting claim were for the benefit of Debtor's daughter—not Debtor. Thus, the co-debtor exception is inapplicable to this case. Second, even if this co-debtor exception is applicable, the "unfair discrimination" analysis under Leser applies the same as it does for differing treatment of student loans. Under the Leser test, Debtor's treatment of the co-signed obligation unfairly discriminates against unsecured creditors. The analysis of each Leser factor follows.

**I.        Whether the discrimination has a reasonable basis**

Debtor's stated goal of treating his daughter's co-signed student loan outside the plan is to avoid any harm to his daughter's credit rating. Debtor claims that such harm may occur if the student loans are paid at a pro-rata rate through a Chapter 13 plan instead of the full monthly payment rate proposed outside the plan. The maintenance of familial relationships is arguably a reasonable basis for preferential treatment of a debt when the debtor has co-signed with a family member. See Janssen, 220 B.R. at 644 (finding a debtor's desire to maintain a good relationship with her co-signer and father as a reasonable basis under factor one of Leser test). However, there has been no showing here of potential damage to the familial relationship if the loan is paid pro rata under the plan. The only reason given here for the differing treatment was to avoid possible harm to a non-debtor co-signer's credit rating. This is not sufficient, standing alone, to be a reasonable basis for discriminating against other unsecured creditors.

**II.       Whether the debtor can carry out a plan without the discrimination**

There is similarly no evidence in the record that there would be any adverse consequences affecting the feasibility of Debtor's Chapter 13 plan if the co-signed student loan in question was classified with other general unsecured creditors. The only adverse consequence of paying pro rata

5

under the plan to Debtor is that Debtor will exit his Chapter 13 bankruptcy owing more on the student loans than that he otherwise would have if he paid it outside the plan as he proposes. Plans should not include classifications "needed only for the purpose of mitigating the consequences of statutory discharge exceptions." In re Ireland, No. 96-40218XM, slip op. at 2. The Court finds the proposed discrimination is not necessary for Debtor's rehabilitation.

### III.  Whether the discrimination is proposed in good faith

To determine whether a Debtor has acted in good faith in his request for relief, the Court must examine "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentations to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." Educ. Assistance Corp. v. Zellner, 827 F.2d 1222, 1227 (8th Cir. 1987). There is no evidence that Debtor's plan is proposed other than in good faith.

### IV.  Whether the degree of discrimination is directly related to the basis or rationale for the discrimination

The final factor to consider is whether the degree to which the proposed repayments discriminate is related to the reasonable basis for discrimination offered by Debtor. Because the Court has found no reasonable basis for the discrimination, this factor is inapplicable.

### CONCLUSION

While Debtor's proposed treatment and classification of the co-signed student loans is proposed in good faith, there is no reasonable basis for the discrimination and a plan of reorganization is feasible without such discrimination. Thus, under Leser, the plan unfairly discriminates between general unsecured creditors and a student loan creditor on a co-signed obligation. Because it unfairly discriminates, the plan cannot be confirmed.

**WHEREFORE**, the Court finds that Debtor's proposed classification and treatment of AES/National Collegiate's claim unfairly discriminates against other general unsecured creditors and that confirmation of Debtor's Chapter 13 Plan is DENIED.

Dated and Entered: December 29, 2010

*/s/ Thad J. Collins*

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE